ORIGINAL

FILED
DEC 14 2007
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

SOUTHERN CALIFORNIA EDISON COMPANY AND INCLUDED SUBSIDIARIES, and EDISON INTERNATIONAL, as common parent agent for Southern California Edison Company,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

Case No.: 07-874 T

## COMPLAINT

To the Honorable Judges of the United States Court of Federal Claims:

Plaintiffs, Southern California Edison Company and Included Subsidiaries, and Edison International, as common parent agent for Southern California Edison Company, bring this action and respectfully show to this Honorable Court and allege:

## IDENTITY OF THE PARTIES

1. Edison International ("EIX") is a corporation organized on April 20, 1987, under the laws of the state of California. EIX has its principal place of business located at 2244 Walnut Grove Avenue, Rosemead, California, 91770. Its employer identification number is 95-4137452.

2. Currently, EIX is the common parent of an affiliated group of corporations, referred to as Edison International and Subsidiaries ("EIX Group").

3. Southern California Edison Company ("SCE") currently is a subsidiary of EIX and is a member of the EIX Group. SCE has its principal place of business located at 2244 Walnut Grove Avenue, Rosemead, California, 91770. Its employer identification number is 95-1240335.

4. For the taxable year 1986, SCE was the common parent of an affiliated group of corporations, referred to as Southern California Edison Corporation and Included Subsidiaries ("SCE Group"). SCE filed a consolidated federal income tax return for the tax year 1986 on behalf of itself and the members of the SCE Group.

5. EIX currently is the common parent agent for its subsidiary, SCE, under Treas. Reg. § 1.1502-77.

6. Defendant is the United States of America.

**JURISDICTION**

7. This is an action arising under the laws of the United States for the recovery of statutory interest under section 6611 of the Internal Revenue Code owed by defendant to plaintiffs.

8. This Court has jurisdiction pursuant to section 1491 of Title 28 of the United States Code, Act of June 25, 1948, c. 646, 62 Stat. 869, 940, as amended.

**INTEREST DUE PLAINTIFFS**

9. This action is brought for the recovery of statutory interest from the date March 15, 1987, through the date November 15, 1994, that is owed by defendant to plaintiffs with respect to a tax overpayment of $1,246,155 for SCE Group's 1986 tax year, plus additional statutory interest according to law.

10. As of August 1, 2007, the amount of statutory interest that defendant owed to plaintiffs as described in the preceding paragraph was $3,901,764.58. That amount of statutory interest has increased and continues to increase with the passage of time.

**Original Tax Return**

11. Pursuant to a timely application for an extension of time to file, SCE Group filed its Form 1120, U.S. Corporation Income Tax Return, for the taxable year 1986 on or about September 15, 1987 with the Internal Revenue Service Center in Fresno, California. The name, address, and identification number appearing on such return are Southern California Edison Co. and Included Subsidiaries, 2244 Walnut Grove Avenue, Rosemead, California, 91770, 95-1240335.

12. SCE Group's federal income tax return for the taxable year 1986, as filed, showed a tax due of $332,232,862.

13. SCE Group made payments to the Internal Revenue Service Center at Fresno, California, within the time periods prescribed by law, fully satisfying the amount of income tax shown on its federal income tax return for the year 1986.

**TEFRA Adjustment**

14. On October 24, 1994, the Internal Revenue Service made an abatement of tax in the amount of $1,214,372 with respect to SCE Group's tax year 1986. The Internal Revenue Service paid SCE Group that amount plus interest.

15. The abatement described in the preceding paragraph was made pursuant to the "TEFRA" partnership provisions contained in Internal Revenue Code sections 6221 through 6234, and represented the net tax effect of two items: (1) SCE Group's partner share of partnership adjustments made by the Internal Revenue Service decreasing SCE Group's tax in

the amount of $1,246,155 with respect to the Bear Creek Uranium Co. partnership, and (2) SCE Group's partner share of partnership adjustments made by the Internal Revenue Service increasing SCE Group's tax in the amount of $31,782 with respect to the Rocky Mountain Energy partnership. The net effect of these two adjustments was an abatement of SCE Group's tax in the amount of $1,214,372.

**Duplicative Adjustment**

16. On November 15, 1994, the Internal Revenue Service paid SCE Group an additional $1,246,155 refund of tax with respect to SCE Group's tax year 1986. On December 5, 1994, the Internal Revenue Service made an abatement of tax in the same amount. The payment made on November 15, 1994, did not include interest.

17. The abatement described in the preceding paragraph was an erroneous duplication of part of the abatement made on October 24, 1994 (described in paragraph 14, supra). The duplication caused SCE Group's tax to be reduced a second time to reflect the same partner share of partnership adjustments made by the Internal Revenue Service with respect to the Bear Creek Uranium Co. partnership.

18. A letter from the Internal Revenue Service Center in Ogden, Utah, to SCE dated February 4, 2005, recognizes that the second abatement resulted from a duplicative adjustment made by the Internal Revenue Service. That letter states that "The tax decrease on December 5, 1994, in the amount of $1,246,155 was in part a duplication of a previous adjustment made on October 24, 1994."

19. The payment made by the Internal Revenue Service as a result of its duplicative adjustment, which is described in paragraph 16, supra, was an erroneous refund, as defined in Internal Revenue Manual § 21.4.5, to which SCE Group was not entitled.

20. At no time has the Internal Revenue Service paid to SCE Group any statutory interest with respect to the $1,246,155 erroneous refund described in paragraph 16, supra.

21. When the Internal Revenue Service sent SCE Group the $1,246,155 erroneous refund on November 15, 1994, no cause of action arose that entitled SCE Group to claim interest on the $1,246,155 erroneous refund from March 15, 1987 to November 15, 1994. Taxpayers are not entitled to, and the Internal Revenue Service is not obligated to pay, interest on erroneous refunds.

**Audit Adjustments**

22. The Internal Revenue Service caused SCE Group's federal income tax returns for the taxable years 1986 and 1987 to be audited. Adjustments were proposed and SCE Group exercised its rights to have the proposed adjustments reviewed by the local Internal Revenue Service Appeals office.

23. At the end of the discussions between SCE Group and the Internal Revenue Service Appeals Office in Laguna Niguel, California, the Internal Revenue Service and SCE Group agreed that SCE Group's corrected tax liability for 1986 was $319,351,961.

**Form 870-AD**

24. On November 14, 2001, SCE Group signed a Form 870-AD, Offer to Waive Restrictions on Assessment and Collection of Tax Deficiency and to Accept Overassessment, for the taxable years 1986 and 1987 ("the Form 870-AD"), and on November 15, 2001, the SCE Group's representative signed the Form 870-AD.

25. On December 14, 2001, Marcia Hamm, the Appeals Team Case Leader, signed the Form 870-AD and accepted the Form 870-AD on behalf of the Internal Revenue Service.

26. When the Internal Revenue Service and SCE Group signed the 870-AD, the Internal Revenue Service and SCE Group agreed that SCE Group was entitled to a refund for the 1986 tax year.

27. The amount of the refund (or tax due) is computed by subtracting the total tax as previously adjusted from the total corrected income tax liability. If the number is negative, there is an overpayment (i.e. a refund due); if the number is positive, there is a tax deficiency.

28. When the Internal Revenue Service and SCE Group signed the 870-AD, the Internal Revenue Service and SCE Group agreed that SCE Group's total corrected tax liability for 1986 was $319,351,961. This total corrected tax liability of $319,351,961 was computed properly, without making a duplicative adjustment reducing SCE Group's tax by the erroneous Bear Creek Uranium Co. partnership adjustment described in paragraphs 16-21, supra.

29. The total tax as previously adjusted for 1986, without taking into account the erroneous refund, was $331,018,490 (an amount equal to $332,232,862 per the original return, minus the proper abatement of $1,214,372 in tax described in paragraph 14).

30. Accordingly, the total overassessment computed as the excess of the proper tax as previously adjusted ($331,018,490) over the correct tax determined at the time the parties signed the Form 870-AD ($319,351,961) was $11,666,529. Since SCE Group had paid the proper tax as previously adjusted, SCE was entitled to an overpayment of tax in the amount of $11,666,529.

31. The computations for the Form 870-AD, through two steps, recognized the total overpayment obligation of $11,666,529 and discharged that obligation. The first step was to treat as the "tax as previously adjusted," the tax as reduced by the erroneous Bear Creek Uranium Co. partnership adjustment described in paragraphs 16-21, supra. This Form 870-AD

computation had the effect of changing the nature of the $1,246,155 payment from being an erroneous refund to being a partial payment towards a total overpayment of $11,666,529.

32. The second step was to compute the excess of the tax as previously adjusted, as reduced by the erroneous Bear Creek Uranium Co. partnership adjustment described in paragraphs 16-21, supra, ($331,018,490 - $1,246,155 = $329,772,335) over the correct tax determined at the time the parties signed the Form 870-AD ($319,351,961). The difference was $10,420,374.

33. The Internal Revenue Service abated $10,420,374 of income tax with respect to SCE Group's tax year 1986 on March 18, 2002.

34. A letter from the Internal Revenue Service Center in Ogden, Utah, to SCE dated February 4, 2005, states that if SCE had returned the erroneous refund check uncashed, "This would have resulted in the tax decrease of $10,420,374 being increased to $11,666,529."

**Receipt of Overpayment and Interest**

35. On March 18, 2002, SCE Group received $10,420,374 plus statutory interest on that amount from the due date of the return (March 15, 1987) to a date close to the date on which the payment was made. The March 18, 2002 payment did not include interest on the partial payment of $1,246,155 from the due date of the return to the payment date on November 15, 1994.

36. The Internal Revenue Service erred in computing the statutory interest described in the preceding paragraph by failing to take into account the fact that the Internal Revenue Service treated SCE Group as having received $1,246,155 of the $11,666,529 tax decrease resulting from the Form 870-AD settlement as a partial payment on November 15, 1994.

37. A correct interest calculation of the statutory interest due on the tax payment made to SCE Group on March 18, 2002, would reflect that from March 15, 1987, until November 15, 1994, the tax overpayment for SCE Group's taxable year was $11,666,529. Once the $1,246,155 payment was received on November 15, 1994, the tax overpayment from that date forward was $10,420,374 ($11,666,529 minus $1,246,155).

38. On July 29, 2004, SCE filed a claim with the Internal Revenue Service in Ogden, Utah, requesting a recomputation of interest to include statutory interest on the $1,246,155 for the period March 15, 1987 to November 15, 1994.

39. The Internal Revenue Service in Ogden, Utah denied SCE's claim, stating that the statute of limitations had expired on November 15, 2000. The denial was based on the conclusion that the $1,246,155 payment on November 15, 1994 was a payment of an overpayment of tax that commenced the running of the statute of limitations.

40. The Internal Revenue Service in Ogden, Utah erred in denying SCE's claim described in the preceding paragraph. When paid on November 15, 1994, the $1,246,155 was an erroneous refund as to which SCE Group was not entitled to interest. The payment, which was an erroneous refund when paid in 1994, became the refund of an overpayment in tax in 2002 under the Form 870-AD agreement. The Form 870-AD determined a corrected tax that justified the payment of $1,246,155 plus an additional $10,420,374.

41. Prior to the execution of the Form 870-AD, which established SCE Group's right to retain the prior payment in the amount of $1,246,155, and the subsequent payment of a refund of tax and interest, SCE Group did not have a cause of action to claim the unpaid interest on the prior payment.

42. When the Internal Revenue Service sent plaintiff a $10,420,374 tax refund on March 18, 2002, a cause of action arose that entitled plaintiff to claim interest on a $1,246,155 overpayment from March 15, 1987 to November 15, 1994.

43. There is now due and owing from defendant to plaintiff statutory interest on a $1,246,155 overpayment from March 15, 1987 to November 15, 1994, plus statutory interest thereon according to law.

44. Plaintiff brings this action under 28 U.S.C. 1491 as a claim against the government to recover the amount described in the preceding paragraph.

45. This action is brought within the six-year statute of limitations which is applicable to actions to recover claims against the United States. 28 U.S.C. 2401 and 2501.

46. Although payment thereof has been demanded, no part of the amount described in the preceding paragraph has been credited, remitted, refunded, or repaid to SCE Group, EIX Group, or to anyone on its account.

47. SCE Group and EIX, as the common parent agent for SCE, have made no transfers or assignments of the claims for relief herein presented or any part thereof and is the sole and absolute owner of the claims. No action on these claims has been taken by the Congress of the United States or by any part of the departments of the Government, other than the action by the Internal Revenue Service hereinbefore described. No other suit or process by SCE Group or EIX Group is pending on such claims in any other court.

WHEREFORE, plaintiffs pray for:

(1) Judgment in their favor on their claim for relief against the defendant, the United States *of America*, in the amount of $3,901,764.58 as of August 1, 2007, or such other amount as

this Honorable Court may determine to be legally allowable, plus additional statutory interest thereon attributable to periods after August 1, 2007, as provided by law; and

(2) Plaintiffs' costs of this action, and for such other relief as may to this Honorable Court seem just and proper.

Respectfully submitted,

ARTHUR L. BAILEY
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-6409
(202) 429-3902 (fax)

Attorney for Plaintiff

Of Counsel:

J. WALKER JOHNSON
ALEXIS A. MACIVOR
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-6225

Dated: December 14, 2007