IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 07-874 T
(Judge Mary Ellen Coster Williams)

SOUTHERN CALIFORNIA EDISON
COMPANY, ET AL.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

# ANSWER

The United States, through its attorneys, hereby answers plaintiff's complaint. The United States denies each allegation contained therein that is not admitted or otherwise expressly addressed below. The United States generally objects to the complaint as improperly pleaded, in violation of Rule 8(a), which requires a "short and plain statement." The United States further responds as follows:

1. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

3. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 3. Admits that the

employer identification number of Southern California Edison Company (SCE) is as pleaded.

4. Admits the allegations contained in paragraph 4.

5. Avers that paragraph 5 makes assertions of law that require no response. To the extent, if any, it also makes factual allegations, defendant states that it currently lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

6. Admits the allegation contained in paragraph 6.

7. Admits that the complaint seeks statutory interest pursuant to 26 U.S.C. § 6611. Denies that defendant owes such interest or that plaintiffs are entitled to it.

8. Denies that jurisdiction exists in this case.

9. Admits that the complaint seeks to recover interest based on an alleged overpayment of tax for tax year 1986. Denies that defendant owes such interest or that plaintiffs are entitled to it.

10. Avers that paragraph 10 makes assertions of law that require no response. To the extent it also makes factual allegations, defendant denies them.

11. Admits that SCE filed its 1986 tax return on or before September 15, 1987, pursuant to a request for an extension of time within which to file; avers the timeliness of the request for extension is a conclusion of law that requires no response. Admits the allegations in the second sentence, except states that the name reflected on the return is "Southern California Edison Company and Includible Subsidiaries."

12. Admits the allegations contained in paragraph 12.

13. Admits that SCE paid a total of $351,400,000 in satisfaction of its reported tax liability of $332,232,862 for 1986. Avers the timeliness of the payments is an assertion of law that requires no response.

14. Admits the allegations contained in paragraph 14, except avers that the abatement described was made on or before October 24, 1994.

15. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

16. Admits that the Internal Revenue Service refunded to SCE an amount of $1,246,155 on or before November 15, 1994, and made an abatement of tax for the same amount on or before December 5, 1994. States that it currently lacks knowledge or information sufficient to form a belief as to whether the amount refunded included interest.

17. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.

18. Denies plaintiffs' characterizations of the letter in paragraph 18, and states that the letter speaks for itself.

19. Avers that paragraph 19 makes assertions of law that require no response. To the extent it also makes factual allegations, defendant denies them. Defendant also denies plaintiffs' characterization of the refund as "erroneous."

20. Denies plaintiffs' characterization of the refund as "erroneous." States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20.

21. Denies plaintiffs' characterization of the refund as "erroneous." Avers that the remainder of paragraph 21 makes assertions of law that require no response.

22. Admits the allegations contained in paragraph 22.

23. Denies the allegations contained in paragraph 23, and avers the agreement between SCE and the IRS was for an overassessment in tax year 1986, as reflected in the Form 870-AD referred to in paragraph 24 of the complaint.

24. Admits the allegations contained in paragraph 24.

25. Admits the allegations contained in paragraph 25.

26. Denies the allegations contained in paragraph 26, and avers the agreement between SCE and the IRS was for an overassessment in tax year 1986, as reflected in the Form 870-AD.

27. Avers that paragraph 27 makes assertions of law that require no response.

28. Denies the allegations contained in the first sentence of paragraph 28, and avers the agreement between SCE and the IRS was for an overassessment in tax year 1986, as reflected in the Form 870-AD. Avers that the second sentence makes assertions of law that require no response, and denies plaintiffs' characterization of the refund as "erroneous."

29-30. Avers that paragraphs 29 and 30 make assertions of law that require no response. Denies plaintiffs' characterization of the refund as "erroneous."

31-32. Denies the allegations contained in paragraphs 31 and 32, and avers that the legal effect of the Form 870-AD is a question of law to be determined by the Court.

33. Admits the allegations contained in paragraph 33, except avers that the abatement described was made on or before March 18, 2002.

34. Denies plaintiffs' characterization of the letter, states that the letter speaks for itself, and denies plaintiffs' characterization of the refund as "erroneous."

35. Admits that, on or before February 20, 2002, the Internal Revenue Service refunded $10,420,374 in tax and $22,440,367 in interest to SCE with respect to tax year 1986. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 35.

36-37. Denies the allegations contained in paragraphs 36 and 37.

38. Admits the allegations contained in paragraph 38, except denies the claim was filed on July 29, 2004.

39. Admits the allegations contained in the first sentence of paragraph 39. Denies plaintiffs' characterizations of the denial letter in the second sentence, and states that the letter speaks for itself.

40-43. Avers that paragraphs 40-43 make assertions of law that require no response. To the extent they also make factual allegations, defendant denies them.

44. Admits that the complaint seeks to recover statutory interest; denies that plaintiffs are entitled to recover such interest.

45. Avers that this action is time barred by 28 U.S.C. §§ 2401 and 2501.

46-47. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 46 and 47.

ADDITIONAL DEFENSES

43. The complaint is untimely pursuant to 28 U.S.C. §§ 2501 and 2401, and the Court lacks jurisdiction to grant the relief requested therein.

44. Plaintiffs are barred from recovery under the doctrine of equitable estoppel.

WHEREFORE, judgment should be entered in favor of the United States, and the complaint dismissed with prejudice, with all costs assessed against plaintiffs.

Respectfully submitted,

s/Jacob Christensen
JACOB E. CHRISTENSEN
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-0878

NATHAN J. HOCHMAN
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
W. C. RAPP
Senior Trial Attorney

March 28, 2008

s/W.C. Rapp
Of Counsel